UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Neftaly Lopez, Horacio Aldair Lopez, Edwin Ronaldo Lopez, Sergio Lopez, Keymi Eli Rodas Marroquin, Edwin Morales, Juan Carlos Aldana, Marlen J. Garcia as the Administratrix of the Estate of Jorge Alfonso Garcia Rodriguez

Case No.

Plaintiffs,

COMPLAINT

Metal Depot Corp., Premier Contracting of New York Inc., Michael Rich, Luis Sanzo, Carmine Sanzo, Dino Dellicci, Michael T Rich Jr.

Defendants

---

Plaintiffs, by and through their attorneys, Law Offices of Marc E. Bengualid, PLLC, complaining of the Defendants, hereby alleges as follows:

## THE PARTIES

1. At all times herein mentioned, plaintiff Neftaly Lopez was and still is a resident of the State of New York, County of Bronx.

2. At all times herein mentioned, plaintiff Horacio Aldair Lopez was and still is a resident of the State of New York, County of Bronx.

3. At all times herein mentioned, plaintiff Edwin Ronaldo Lopez was and still is a resident of the State of New York, County of Bronx.

4. At all times herein mentioned, plaintiff Sergio Lopez was and still is a resident of the State of New York, County of Bronx.

5. At all times herein mentioned, plaintiff Keymi Eli Rodas Marroquin was and still is a resident of the State of New York, County of Bronx.

6. At all times herein mentioned, plaintiff Edwin Morales was and still is a resident of the State of New York, County of Bronx.

7. That at all times hereinafter mentioned, and at the commencement of this action, plaintiff Marlen J. Garcia Rodriguez was and still is a resident of the State of New York, County of Bronx.

8. That at all times hereinafter mentioned, and until his death, the decedent, Jorge Alfonso Garcia Rodriguez was a resident of the State of New York, County of Bronx.

9. That on January 4, 2017 the Bronx County Surrogate's Court issued Letters of Limited Administration to Marlen J. Garcia Rodriguez on behalf of her brother Jorge Alfonso Garcia Rodriguez, deceased.

10. That at all times hereinafter mentioned, defendant, Metal Depot Corp.("METAL") was and still is a corporation organized and existing under the laws of the State of New York.

11. That at all times hereinafter mentioned, defendant, Metal Depot Corp. ("METAL") was and still is a domestic corporation organized and existing under the laws of the State of New York.

12. That at all times hereinafter mentioned, defendant, Metal Depot Corp. ("METAL") transacts business in the State of New York.

13. That at all times hereinafter mentioned, defendant, Metal Depot Corp. ("METAL") was and still is a corporation organized an existing under the laws of the State of New York.

14. That at all times hereinafter mentioned, defendant, METAL maintains its principal place of business located at 341 Halleck St., Bronx, NY 10474.

15. That at all times hereinafter mentioned, defendant, METAL maintains its principal place of business located at 289 Byrant Avenue, Plainedge, NY 11756.

16. That at all times hereinafter mentioned, defendant, METAL is authorized to conduct business in the State of New York.

17. That at all times hereinafter mentioned, defendant, Premier Contracting of New York, Inc. ("PREMIER") was and still is a corporation organized and existing under the laws of the State of New York.

18. That at all times hereinafter mentioned, defendant, Premier Contracting of New York, Inc. ("PREMIER") was and still is a domestic corporation organized and existing under the laws of the State of New York.

19. That at all times hereinafter mentioned, defendant, Premier Contracting of New York, Inc. ("PREMIER") transacts business in the State of New York.

20. That at all times hereinafter mentioned, defendant, PREMIER maintained its principal place of business located at 117 Magnolia Avenue, Westbury, NY 11590.

21. That at all times hereinafter mentioned, defendant, PREMIER maintained its principal place of business located at 3818 Jacqueline Street, Bethpage, NY 11714.

22. That at all times hereinafter mentioned, defendant, PREMIER is authorized to conduct business in the State of New York.

23. At all times hereinafter mentioned, Michael Rich ("RICH") resided at 1 17 Magnolia Avenue, Westbury, NY 11590.

24. At all times hereinafter mentioned, RICH resided at 1264 Viele Avenue, Bronx, NY 10474.

25. At all times hereinafter mentioned, Luis Sanzo ("LUIS") resided at 1 17 Magnolia Avenue, Westbury, NY 11590.

26. At all times hereinafter mentioned, LUIS resided at 2920 215th Place Bayside NY 11360.

27. At all times hereinafter mentioned, Carmine Sanzo ("CARMINE") resided at 2920 215th Place, Bayside NY 11360.

28. At all times hereinafter mentioned, Dino Delicci ("DINO") resided at 1 17 Magnolia Avenue, Westbury, NY 11590.

29. At all times hereinafter mentioned, Michael T. Rich, Jr. ("RICH JR.") resided at 1 17 Magnolia Avenue, Westbury, NY 11590.

30. At all times hereinafter mentioned, RICH JR. resided at 3818 Jacqueline Street, Bethpage, NY 11714.

31. Upon information and belief, RICH served as the principal officer of Metal.

32. Upon information and belief, RICH was a shareholder of Metal.

33. Upon information and belief, RICH was a member of Metal.

34. Upon information and belief, RICH served as the chief executive officer of Metal.

35. Upon information and belief, RICH JR, was a shareholder of Metal.

36. Upon information and belief, RICH JR, was a member of Metal.

37. Upon information and belief, LUIS, was a shareholder of Metal.

38. Upon information and belief, LUIS, was a member of Metal.

39. Upon information and belief, CARMINE, was a shareholder of Metal.

40. Upon information and belief, CARMINE, was a member of Metal.

41. Upon information and belief, DINO, was a shareholder of Metal.

42. Upon information and belief, DINO, was a member of Metal.

43. Upon information and belief, DINO, was a the foreman for Metal.

44. Upon information and belief, LUIS, was a member of Metal.

45. Upon information and belief, RICH served as the principal officer of Premier.

46. Upon information and belief, RICH was a shareholder of Premier.

47. Upon information and belief, RICH was a member of Premier.

48. Upon information and belief, RICH served as the chief executive officer of Premier.

49. Upon information and belief, RICH JR, was a shareholder of Premier.

50. Upon information and belief, RICH JR, was a member of Premier.

51. Upon information and belief, RICH JR, was the principal executive officer of Premier.

52. Upon information and belief, RICH JR was the foreman and/or construction manager for Premier.

53. Upon information and belief, LUIS, was a shareholder of Premier.

54. Upon information and belief, LUIS, was a member of Premier.

55. Upon information and belief, CARMINE, was a shareholder of Premier.

56. Upon information and belief, CARMINE, was a member of Premier.

57. Upon information and belief, DINO, was a shareholder of Premier.

58. Upon information and belief, DINO, was a member of Premier.

59. Upon information and belief, DINO, was the foreman for Premier.

60. Upon information and belief, LUIS, was a member of Premier.

61. Upon information and belief, for each of the calendar years 2004 through 2015, inclusive, the gross receipts of METAL were not less than $500,000.00.

62. Upon information and belief, for each of the calendar years 2004 through 2015, inclusive, the gross receipts of METAL were not less than $500,000.00.

63. Upon information and belief, METAL and PREMIER, are operated under common ownership and under common management enterprise.

64. Upon information and belief, the defendants RICH, RICH JR, LUIS, CARMINE, and DINO own all the beneficial interest of the METAL and PREMIER.

65. Upon information and belief, the defendants RICH, RICH JR, LUIS, CARMINE and DINO conduct substantially all the management function of METAL and PREMIER.

66. Upon information and belief, defendants METAL and PREMIER have operated in the manner outlined in paragraphs 60, 61 and 62 herein for at least three years preceding the filing of this Complaint

67. Upon information and belief, the aggregate gross receipts of METAL and PREMIER exceeded $500,000.00 per annum in each of the calendar years 2004 through 2015, inclusive.

## JURISDICTION AND VENUE

68. Jurisdiction is based upon 28 US.C. section 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201 et seq., and plaintiff relies upon 28 U.S.C. section 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR section 142-2.2 and 12 NYCRR section 142-2.4.

69. Venue is based upon 28 U.S.C. section 1391 (b)(l), insofar as at least one defendant resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## FACTUAL ALLEGATIONS

70. At all times herein pertinent, the defendants, and each of them, were engaged in an industry having an effect on commerce within the meaning of 29 U.S.C. section 203.

71. At all times herein pertinent, and in the course of their duties, Plaintiffs regularly handled products which had been moved in commerce.

72. The defendants METAL was engaged in scrap metal business, including but not limited to buying, demolishing, cutting, crushing and selling metal scraps and metal components.

73. The defendants PREMIER was engaged in demolition and general contracting.

74. Plaintiff Neftaly Lopez was hired by METAL on or about October 10, 2004 and worked until his termination on July 15, 2015. Throughout his employment his duties included, but were not limited to, using machines to lift, transport, sort metal from wood and/or concrete and/or construction materials, compact, crunch metal, cut metal, use forth lifts and other machine to push the metal scraps into a hep to be fed into a machine that cuts the metal into small pieces, then place the metal pieces into containers for shipment, sweep, clean, removing garbage and debris, and maintain the yard where the metal was deposited.